IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUCKY M. COLLINS,                )
                                 )
        Plaintiff,                )
                                 )
    v.                           )    1:10CV408
                                 )
CAROLYN W. COLVIN,[1]             )
Commissioner of Social Security,  )
                                 )
        Defendant.                )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Astrue's Motion to Dismiss or in the Alternative for Change of Venue [Doc. #6]. Plaintiff has filed a Response. For the reasons that follow, the Court recommends that Defendant's Motion to Dismiss be denied but that this action be transferred to the United States District Court for the Eastern District of North Carolina where Plaintiff now resides.

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff filed an action in this Court in 2005 for review of the denial of her application for social security disability benefits. Collins v. Soc. Sec. Admin., No. 1:05CV1005 (M.D.N.C. Aug. 10, 2007). Judgment was entered in 2007, adopting the Recommendation of the United States Magistrate Judge and remanding the action to the Commissioner for a new hearing. Id.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Commissioner thereafter held further proceedings and issued a final decision again denying Plaintiff's application for disability benefits. (Compl. [Doc. #2] at 1 & Ex. A; Pl.'s Mem. in Response [Doc. #8] at 2.) Plaintiff then filed the Complaint presently before the Court for review of that final decision.

At the time that the prior 2005 action was filed, Plaintiff lived in Yadkin County, which falls within this District. (Compl. at 1.) However, at the time she filed the present action, Plaintiff lived in Nash County, North Carolina, which is in the Eastern District of North Carolina. (Id.) Defendant Astrue moves to either dismiss this action or transfer it to the Eastern District pursuant to 42 U.S.C.A. § 405(g) (West 2011) and 28 U.S.C. § 1406(a) (2006). Plaintiff argues that dismissal is not warranted and that this action should remain in this district given the history of her prior proceeding here.

II.   DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), which allows a plaintiff to file a civil action for review of the final decision of the Commissioner of Social Security denying benefits. Section 405(g) states in pertinent part that "[s]uch action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g). Plaintiff states in her Complaint that she now resides in Nash County, which is in the Eastern District of North Carolina. Therefore, a straightforward application of section 405(g) leads to the conclusion that this action should have been brought in the Eastern District, and on that basis Defendant moves to dismiss this action based on alleged improper venue in this District.

In Response, Plaintiff points out that in 2003, when she originally filed her claim for disability benefits, she resided in Yadkin County, in this District. (Pl.'s Response at 3.) She also notes that the Magistrate Judge in this District who handled her prior suit is familiar with her case and signed the Order in the present case allowing her to proceed in this action without prepayment of fees. (Id. at 4.) Finally, Plaintiff argues that under North Carolina law, the residence of the parties at the time that the action is commenced controls venue. (Id. at 5.)

Plaintiff's arguments implicitly seek to treat this action as a continuation of her previous civil action. However, final judgment was entered in that previous action. There is no indication in that Judgment or otherwise that this Court intended to retain jurisdiction over that action. Collins, No. 1:05CV1005. In the Judgment remanding the case to the Commissioner, the Court acted pursuant to sentence four of section 405(g), which allows the Court to enter "a judgment" to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the case for a rehearing. The Supreme Court has specifically found that under section 405(g), "[t]he use of the term 'a civil action' suggests that at least in the context of § 405(g), each final decision of the Secretary will be reviewable by a separate piece of litigation." Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990). Thus, courts do not retain jurisdiction of a remanded action when the remand was made pursuant to sentence four, in contrast to those remands made under sentence six of section 405(g). See Shalala v. Schaefer, 509 U.S. 292, 296-99 (1993). Therefore, Plaintiff's attempt to treat this action as a continuation of her previous action must be rejected.

Because this is a separate action, the application of section 405(g) requires that this action be brought in the Eastern District of North Carolina, where Plaintiff resides. Plaintiff's

3

residence in this District when she filed her original disability claim in 2003 and when she filed her previous action in this Court in 2005 would not be controlling. The Order in this case allowing Plaintiff to proceed without prepayment of fees does not address the question of venue. In addition, section 405(g) rather than North Carolina law controls this issue. Finally, although Plaintiff argues that the Magistrate Judge in this District is familiar with her case, that contention would not overcome the statutory provisions set out above, and in any event, the Court notes that the previously-assigned Magistrate Judge has since retired and would not be assigned to the present action even if it remained in this District.

Pursuant to 28 U.S.C. § 1406(a), this Court may dismiss the action or transfer it if a transfer is in the interest of justice. Given the history and circumstances presented, the Court finds that it would be in the interest of justice to transfer this action rather than dismiss it. Because this action could have been, and should have been, brought originally in the Eastern District of North Carolina, the Court recommends that this action be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss or for Change of Venue [Doc. #6] be denied as to the request for dismissal but granted as to the request for transfer, and that this action be transferred to the United States District Court for the Eastern District of North Carolina.

This, the 9th day of December, 2013.

                                                 /s/ Joi Elizabeth Peake
                                                 United States Magistrate Judge